UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                        Case No. 2:15-mc-50750

v.                                    Magistrate Judge Anthony P. Patti

MICHAEL ABRAMS,

        Defendant.

_____/

**ORDER REGARDING DEFENDANT'S OBJECTION TO SENTENCING**
**No. 8 [DE 11]**

On July 22, 2015, Defendant filed a series of "Objections to Sentencing," the eighth of which reads as follows: "If this Court elects to deny Defendant's objections to a sentence higher than a fine of $275, Defendant would respectfully requests [sic] this Court to stay the judgment of conviction and sentence pending appeal." [DE 11.] At the sentencing hearing, held on August 24, 2015, the Court overruled each of Defendant's eight objections for the reasons stated on the record. With respect to Objection No. 8, the Court noted that the objection was not yet ripe when filed, because the Court had yet to issue its sentence.

Requests for stay pending appeal are governed by 18 U.S.C. § 3143(b), which provides that "a person who has been found guilty of an offense and

sentenced to a term of imprisonment, and who has filed an appeal . . . be detained, unless the judicial officer" makes the following findings:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community . . . and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
>> (i) reversal
>> (ii) an order for a new trial
>> (iii) a sentence that does not include a term of imprisonment, or
>> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served . . . .

The Court notes that on July 29, 2015, five days after failing to appear for his sentencing and while in absconder status with a warrant out for his arrest, Defendant filed a "Notice of Appeal" [DE 17], from "the decisions, orders, judgments, and/or sentences of the Honorable Anthony P. Patti, United States Magistrate Judge, entered/imposed on: July 22, 2015, July 23, 2015, July 24, 2015, and thereafter." This interlocutory appeal, which was assigned to Judge Tarnow, would appear to challenge the following specific orders and rulings of the Court on the date that the appeal was filed: (1) The Court's July 22, 2015 "Notice" that Defendant was still required to appear at his July 23, 2015 sentencing, notwithstanding his written objections, and that his failure to appear would result in an arrest warrant being issued [DE 12]; (2) Minute Entry of July 23, 2015, indicating that Defendant failed to appear for sentencing and that an arrest warrant

was to be issued: (3) July 23, 2015 Order Setting Supplemental Sentencing Briefing Schedule [DE 14]; and (4) July 24, 2015 Order Denying Motion to Withdraw as Attorney [DE 15]. As of today's date, this Court is unaware of any other appeal pending or order being challenged. There is no indication that Defendant's appeal of these four orders/entries is not for the purpose of delay and no indication that the appeal raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment or a reduction in sentence. Moreover, Defendant's failure to appear for sentencing, residence in Canada, and the fact that the Court had to issue and obtain execution of an arrest warrant in order to secure Defendant's appearance for sentencing are indicative of the fact that Defendant *is likely* to "flee or pose a danger to the safety of any other person or the community if released" pending appeal; thus, the Court obviously cannot find to the contrary "by clear and convincing evidence," as required for release pending appeal under the governing statute. 18 U.S.C. § 3143(b)(1)(A).

At the conclusion of the sentencing hearing, despite being advised of his right to appeal the conviction, his right to appeal the sentence, and the right to ask for permission to appeal *in forma pauperis*, pursuant to Fed. R. Crim. P. 32.1(j)(1), Defendant gave no indication in court that he intended to appeal the conviction or sentence, so as to trigger the provisions of Rule 32.1(j)(2). Thus, the only appeal of

which the Court is aware at this time is the interlocutory appeal set forth at DE 17, challenging three procedural orders and possibly one minute entry. In any case, even if Defendant believes that his use of the language "and thereafter" in DE 17 somehow constitutes an appeal of right from the Court's subsequent final judgment, for the reasons stated above, the Court cannot and does not find "by clear and convincing evidence that [Defendant] is not likely to flee or pose a danger to the safety of any other person or the community if released" pending appeal, and has no basis for finding "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in" reversal, an order for a new trial, a sentence that does not include a term of imprisonment or a reduced sentence.

Accordingly, Objection No. 8 is **OVERRULED**.


Dated: August 28, 2015                  s/Anthony P. Patti
                                        Anthony P. Patti
                                        UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of this document was sent to parties of record on August 28, 2015, electronically and/or by U.S. Mail.

                                        s/Michael Williams
                                        Case Manager for the
                                        Honorable Anthony P. Patti