UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MICHAEL ABRAMS,

    Defendant-Appellant.

                                              /

Case No. 15-50750

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
ANTHONY P. PATTI

**ORDER AFFIRMING THE MAGISTRATE JUDGE'S JUDGMENT [26]; DENYING APPELLANT'S MOTION TO VACATE JUDGMENT [32]**

On November 25, 2014, Appellant attempted to enter the United States through the Detroit-Windsor tunnel. At the primary and secondary inspection areas, Appellant engaged in increasingly volatile verbal interactions with officers from the Customs and Border Protection (CBP). Appellant refused to follow the commands of the CBP officers and used racially and sexually derogatory terms and threats against the officers. Appellant was placed in a holding cell to calm down and issued a citation for disorderly conduct upon release.

On May 6, 2015 the Government filed a violation notice against Appellant for disorderly conduct. A bench trial was held before Magistrate Judge Patti from

1

June 17 to June 18, 2015 and Appellant was found guilty of a violation of 41 CFR 102-74.390. Appellant was sentenced to fourteen days in custody, a $1500 fine and a $5 special assessment. [26].

Appellant filed a timely appeal of the Magistrate Judge's Judgment [26] on September 4, 2015 [30]. Appellant's Motion to Vacate Judgment [32] was filed on November 32, 2015 and the Government responded on February 4, 2016. [37]. Appellant did not file any other brief on the matter regarding his appeal. For the reasons stated below, Appellant's Motion to Vacate Judgment is **DENIED** and the Judgment of the Magistrate Judge is **AFFIRMED.**

Appellant appeals his conviction on three grounds: (1) Appellant contends that § 102-74.390 is not a criminal provision created by the United States [32 at 4]; (2) that to the extent that § 102-74.390 is a criminal violation, Congress has not provided an enabling statute that would allow violations of the § 102-74.390 to carry criminal penalties [32 at 6]; and (3) there is insufficient proof that his conduct at issue in the violation occurred on federal property or on property controlled by the GSA as required by the provision [32 at 10-12].

§ 102-74.390 states, *inter alia*, that, "[a]ll persons entering in or on Federal property are prohibited from loitering, exhibiting disorderly conduct" that "impedes or disrupts the performance of official duties by Government

2

employees." 41 C.F.R. § 102-74.390. The penalties for a violation of § 102-74.390 are governed by 41 C.F.R. § 102-74.450, which states that:

> [a] person found guilty of violating any rule or regulation in this subpart while on any property under the charge and control of GSA shall be fined under title 18 of the United States Code, imprisoned for not more than 30 days, or both.

41 C.F.R. § 102-74.450. Per title 18, fines for crimes with a maximum imprisonment time of 30 days are usually limited to no more than $5,000. Given that a violation of § 102-74.4390 can result in criminal sanctions under 41 C.F.R. § 102-74.450 and title 18, the provision at issue is clearly a criminal provision. *See United States v. Baldwin*, 745 F.3d 1027, 1030 (10th Cir. 2014).

The Executive Branch has the authority to criminalize conduct and impose jail terms for violations of the Code of Federal Regulations. Congress expressly authorized the General Services Administration and the Department of Homeland Security to establish regulations "for the protection and administration of property owned or occupied by the Federal Government" and allows these regulations to include "reasonable penalties" of "not more than 30 days' in prison and fines in the amounts allowed by title 18." *See* 40 U.S.C. § 1315(c) (formerly found at 40 U.S.C. §§ 318a, 318c); *see also* 6 U.S.C. § 552 (facilitating transfer of authority from GSA to DHS). Therefore, as the Court in *Baldwin* concluded, this regulation "can claim at least some legislative pedigree, some measure of congressional

authorization" and Appellant cannot claim that there is no enabling statute by Congress. *Baldwin*, *supra*.

Appellant also argues that the Government failed to prove that his disorderly conduct occurred in or on property controlled by the GSA or other Federal agency. At the bench trial, federal officers who work at the Detroit-Windsor tunnel testified that the Detroit-Windsor tunnel is on federal property [18 at 5; 104]. This evidence was not contradicted and was not brought up in any cross-examinations of these officers [18 at 49-64; 122-150]. At the trial, the Magistrate Judge found beyond a reasonable doubt that the Government did prove that Appellant's conduct did occur on federal property.

In response to an objection to sentencing by Appellant who stated that the Court had not determined that the violation occurred on "property under the charge and control of the GSA," the Court ordered supplemental briefing on this issue for the sentencing hearing. In their sentencing memorandum [21], the Government produced a letter from GSA, a lease showing that the US Government has a lease on the Detroit Windsor Tunnel, and website links to show that the Detroit-Windsor tunnel was indeed federal property [29]. The Magistrate Judge ultimately took judicial notice of the GSA website, a lease with lists the GSA as the lessee and Detroit-Windsor Tunnel as the lessor, and various sections of the Federal

4

Regulations which speak to GSA's scope of authority, including 41 CFR § 102-71.5, that all point to the fact that the Detroit-Windsor tunnel is on federal property, specifically property controlled by the GSA. The Magistrate Judge thus found beyond a reasonable doubt that Appellant's crime was committed on federal property. Therefore, there is no valid claim of relief based on the allegation that the Court did not establish that the crime was not committed on federal property.

Accordingly,

**IT IS ORDERED** that the Magistrate Judge's Judgment [26] is **AFFIRMED.**

**IT IS FURTHER ORDERED** that Appellant's Motion to Vacate Judgment [32] is **DENIED.**

**SO ORDERED**.

                                               s/Arthur J. Tarnow
                                               Arthur J. Tarnow
Dated: September 21, 2016         Senior United States District Judge